[No. B053468. Second Dist., Div. Seven. June 10, 1992.]

THE PEOPLE, Plaintiff and Respondent, v.
JOSE HERIBERTO OJEDA-PARRA, Defendant and Appellant.

## COUNSEL

Mark D. Lenenberg, under appointment by the Court of Appeal, for Defendant and Appellant.

Daniel E. Lungren, Attorney General, George Willamson, Chief Assistant Attorney General, Carol Wendelin Pollack, Acting Assistant Attorney General, Donald E. de Nicola and Robert F. Katz, Deputy Attorneys General, for Plaintiff and Respondent.

## OPINION

JOHNSON, J.—Defendant appeals from his conviction of kidnapping under Penal Code section 207, subdivision (a). We affirm.

### FACTS AND PROCEEDINGS BELOW

Brian Taylor, age three, was playing in his yard with his brothers and sisters when defendant drove up to their house. Defendant was a family friend who was well known to Brian and the other children. Brian and one of his older brothers ran over to defendant's car and they talked for awhile.

After the older brother walked away, defendant opened his car door, picked up Brian, put him on the seat and drove away.

Defendant drove to his home and left Brian with his wife, saying he would be back for him in 20 minutes. Defendant's wife changed and fed Brian and, when defendant did not return, put Brian to sleep with her children. The police arrived between 11 and 12 p.m. that night and picked up Brian. Defendant was arrested the next day.

Defendant's purpose in taking Brian was the principal issue at trial. Brian's father testified he was a drug addict and owed defendant $1,200 for drugs. The day before he took Brian, defendant told the father, "If you don't pay me the money that you owe me, my connection told me either come up here and get you or your son." Defendant testified Brian's father owed him money but it had nothing to do with his taking Brian. According to defendant, he was a friend of the family and had just come by to take Brian out for a hamburger as he had done in the past. He took Brian to his house because Brian was wet and needed changing. He left to drive a friend on an errand and for a complicated set of reasons did not get home until 2 a.m. the next morning. Defendant believed he had at least implied permission to take Brian places without checking first with Brian's parents.

On the basis of the statements by Brian's father that defendant took Brian to force payment of a debt, defendant was charged with kidnapping for purposes of extortion or to obtain money or something of value. (Pen. Code, § 209, subd. (a).) The jury was also instructed on the lesser included offense of simple kidnapping under Penal Code section 207, subdivision (a).[1]

The jury returned a verdict of guilty on the lesser offense of simple kidnapping and defendant was sentenced to the midterm of eight years.

On appeal, defendant argues the trial court erred in instructing the jury on the elements of a kidnapping under section 207, subdivision (a). He also argues there was insufficient evidence of a forcible taking and that the jury should not have been instructed to make a finding as to Brian's age. For the reasons set forth below, we reject these arguments and affirm the conviction.

---

[1] All statutory references are to the Penal Code unless otherwise indicated.

I.  *Defendant Invited the Trial Court's Failure to Instruct That Simple
Kidnapping of a Person Incapable of Giving Consent Requires a Specific
Intent to Do Some Unlawful Act.*

Defendant was charged with aggravated kidnapping under section 209,
subdivision (a).[2] The prosecution's theory was that defendant kidnapped
Brian to force Brian's father to pay a debt owed defendant, allegedly money
owed for drug purchases.

When it came time to consider jury instructions, defense counsel vigor-
ously argued the jury be instructed on the lesser included offense of simple
kidnapping which statutorily requires only the forcible movement of a
person for a substantial distance without the person's consent. ( § 207, subd.
(a).) The trial court was reluctant to give such an instruction and asked
defense counsel to articulate the facts under which the jury could convict
defendant of simple kidnapping as opposed to the choices urged by the
prosecution: guilty of aggravated kidnapping or not guilty of any offense.

Defense counsel argued the jury could disbelieve the testimony of Brian's
father that defendant took Brian to force payment of a debt, but could also
disbelieve defendant's claim he had permission from Brian's parents to take
Brian for rides. Under that scenario, defense counsel told the court, "[t]here
was a movement against someone's will . . . and unfortunately, at least for
my client's sake, that's sufficient for a 207 simple kidnap." The defense
theory, as counsel articulated it, was that if the jury disbelieved the extortion
aspect of the prosecution's case and did not accept the defense claim of a
permissive taking, the evidence would support a verdict of guilt of simple
kidnapping. Defense counsel told the court several times simple movement
of Brian against his will would be enough to convict defendant of kidnap-
ping under section 207, subdivision (a).

After hearing argument from the defense and prosecution the court agreed
to instruct the jury on simple kidnapping. There was no discussion between
counsel and the court as to the specific instructions the court would give on
simple kidnapping or what language would be used or not used.

The court instructed the jury on simple kidnapping, using its own modi-
fication of CALJIC No. 9.50 which essentially stated the elements of the

---

[2]At the time of the offense, section 209, subdivision (a) provided in relevant part, "Any
person who seizes . . . entices, decoys, abducts, conceals, kidnaps or carries away any
individual by any means whatsoever with intent to hold or detain, or who holds or detains,
such individual for ransom, reward or to commit extortion or to exact from another person
any money or valuable thing, . . . is guilty of a felony and upon conviction thereof shall be
punished by imprisonment in the state prison for life without possibility of parole in cases in
which any person . . . suffers death or bodily harm, . . ."

crime as set forth in section 207, subdivision (a). The court did not instruct the jury that for purposes of simple kidnapping under section 207, if the person forcibly moved is incapable of giving consent (i.e., a three-year-old child) then the People must prove the movement was done for an illegal purpose or with an illegal intent. (*People* v. *Oliver* (1961) 55 Cal.2d 761, 768 [12 Cal.Rptr. 865, 361 P.2d 593]; and see CALJIC No. 9.57.) ■ On appeal, defendant argues failure to give this qualifying instruction was prejudicial error.

Defendant's argument is based on *People* v. *Oliver*, *supra*, in which the court held that as to minors or others incapable of giving consent a person is guilty of kidnapping under section 207 "only if the taking and carrying away is done for an illegal purpose or with an illegal intent." (55 Cal.2d at p. 768.) The court injected this element of specific intent into section 207 to avoid kidnapping convictions of "good samaritans" attempting to protect a child or incapacitated adult from imminent harm. (55 Cal.2d at p. 765.) Here, it is undisputed Brian Taylor was three years old at the time of the incident. Therefore, in order to convict defendant of kidnapping Brian under section 207, subdivision (a) the People would have to prove defendant acted for an illegal purpose or with an illegal intent. (55 Cal.2d at p. 768.) Failure to so instruct the jury was error. (*Ibid.*)[3]

In this case, however, it is clear the error was invited. As we noted above, defense counsel sold the trial court on the section 207 instruction by arguing "movement against someone's will" is sufficient to sustain a conviction under section 207, subdivision (a). Counsel never mentioned the element, required in the case of minors, that the movement be for an illegal purpose or with an illegal intent. Counsel may have had a tactical reason for failing to mention this additional element. If convicted under section 209, subdivision (a), defendant faced life in prison. If convicted under section 207, subdivision (a), defendant faced a sentence of five, eight or eleven years. (§ 208, subd. (b).) If defense counsel raised the *Oliver* element, the court would realize that under the facts of this case the only illegal purpose or intent the defendant could have had was to commit extortion or exact money from Brian's parents which would bring the case under section 209 and, therefore, no instruction on simple kidnapping would be proper.

---

[3]Defendant was tried and convicted prior to the enactment of section 207, subdivision (e)(1) which provides: "Subdivisions (a) to (d), inclusive, do not apply to any of the following: [¶] (1) To any person who steals, takes, entices away, detains, conceals, or harbors any child under the age of 14 years, if that act is taken to protect the child from danger of imminent harm." Thus we express no opinion on whether, as to a child, the existence of an unlawful purpose remains an element of the offense or whether the purpose of protecting the child is an affirmative defense. (See *People* v. *Oliver*, *supra*, 55 Cal.2d at p. 773 (conc. and dis. opn. of Schauer, J.))

It is well settled the doctrine of invited error precludes the defendant from complaining about an instruction given at his own request. (*People* v. *Johnson* (1969) 271 Cal.App.2d 616, 625 [76 Cal.Rptr. 768].) Here, the record is clear defense counsel intended the court to give the instruction it gave on simple kidnapping and that the court gave that instruction only at the behest of defense counsel and over the prosecutor's objection.

It is true defense counsel did not explicitly ask for the language the court used in its instruction nor did he articulate on the record any tactical reason for requesting the simple kidnapping instruction without the *Oliver* element. (See *People* v. *Wickersham* (1982) 32 Cal.3d 307, 330, 333 [185 Cal.Rptr. 436, 650 P.2d 311].) However, the *Wickersham* requirements for invited error are not applicable here. *Wickersham* is only applicable when the court is under a sua sponte duty to instruct in a manner other than it did. (*People* v. *Gallego* (1990) 52 Cal.3d 115, 183 [276 Cal.Rptr. 679, 802 P.2d 169].) As we have explained, the evidence did not warrant an instruction on simple kidnapping because under the facts of this case if defendant was guilty of simple kidnapping as defined in *Oliver*, it could only have been because he acted with the unlawful purpose or intent of exacting money from Brian's father. This is the same unlawful purpose or intent that would make the kidnapping an aggravated one under section 209. (Cf. *People* v. *Morrison* (1964) 228 Cal.App.2d 707, 713 [39 Cal.Rptr. 874].)

II. *Defendant's Remaining Contentions Are Without Merit.*

We have examined defendant's remaining points and find them to be without merit. The evidence was sufficient to establish Brian was taken by force. Whether or not the jury should have been asked to make a finding Brian was under the age of 14, it is undisputed Brian was 3 years of age. Therefore, defendant was properly sentenced under section 208, subdivision (b).

DISPOSITION

The judgment is affirmed.

Lillie, P. J., and Woods (Fred), J., concurred.

A petition for a rehearing was denied July 2, 1992, and appellant's petition for review by the Supreme Court was denied September 3, 1992, Mosk, J., was of the opinion that the petition should be granted.